IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US HEAVY MACHINERY, LLC | § | PLAINTIFF |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | DEFENDANT |

### NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, Allstate Insurance Company ("Allstate"), a Write-Your-Own Program insurance carrier participating in the United States Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968 ("NFIA") as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] hereby removes the state court action entitled "*US Heavy Machinery LLC v. Allstate Insurance Company*," bearing Case No. 2019-01168, pending in the 281st Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and respectfully represents as follows:

### Notice of Removal is Timely

1. Plaintiff, a Texas LLC apparently proceeding herein *Pro Se*, filed the referenced state court action on January 7, 2019 in the 281st Judicial District Court of Harris County, Texas. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, (1) a true and accurate copy of all process, pleadings and orders served upon defendant Allstate in the state court action and the state court

---

[1] 42 U.S.C. § 4001, *et seq.*

[2] *See* 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 137, 1339 (11th Cir. 2007).

action docket sheet are attached hereto as Exhibit 2, (2) an index of those documents is attached hereto as Exhibit 1, and (3) a complete list of all counsel of record is attached hereto as Exhibit 3.

2. Allstate received the state court Citation and Plaintiff's Original Petition ("Complaint") by certified mail on January 14, 2019. Thirty days have not elapsed since Allstate first received Plaintiff's Original Petition through service of process or otherwise and, therefore, removal is timely under 28 U.S.C. §§ 1441 and 1446(b).

## Jurisdiction and Venue

3. In its Original Petition, Plaintiff avers that Allstate breached its Standard Flood Insurance Policy ("SFIP") contract of insurance by allegedly failing to properly investigate, adjust and pay the Insured's claim for property damage resulting from Hurricane Harvey.

4. Allstate participates in, and issues SFIPs under, the National Flood Insurance Program's ("NFIP") Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA.

5. The payment that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury and would be binding upon the federal government. *Newton v. Capital Assur. Co.*, 2465 F.3d 1306, 1311 (11th Cir. 2001); 44 C.F.R. § 62.23(f).

6. The statutory scheme approved by Congress for flood insurance claims confers original exclusive jurisdiction upon the federal courts. Specifically, 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, **may institute an action against the Administrator on such claim in the United States district court for the district in which the**

**insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.**

(emphasis added).

7. As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(2), Article VII(R), which vests the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348, 13450-52 (11th Cir. 2000); *see* 42 U.S.C. § 4072.

8. According to Plaintiff's Original Petition, Insured's property is located at 19519 Asterglen Ct, Katy, Texas, which is located within the jurisdiction of the United States District Court for the Southern District of Texas. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

9. Because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP, and necessarily depends upon the resolution of substantial questions of federal law, this Court also has original jurisdiction pursuant to U.S.C. § 1331.

10. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff, and will also be filed with the Clerk of Court for the District Court of The 281st Judicial District of Harris County, Texas, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Allstate prays that this Notice of Removal be accepted as good and sufficient and that this Court make the proper orders to affect removal of the aforementioned action, Case No. 2019-01168 from the 281st Judicial District Court of Harris County, Texas, to this Court for further proceedings as provided by law.

Respectfully submitted, this 25th day of January, 2019,

BUTLER, SNOW LLP

By: /s/ *Christopher Cowan*
Christopher Cowan
State Bar No. 24084975
SDTX No. 2303239
Chris.cowan@butlersnow.com
515 Congress Ave., Suite 1900
Austin, TX 78701
Telephone: (737) 802-1806
Facsimile: (737) 802-1801

*Attorney in Charge for Defendant*

OF COUNSEL:

Mike Beers (*Pro Hac Vice forthcoming*)
BUTLER SNOW LLP
250 Commerce Street, Suite 100
Montgomery, AL 36104
(334) 832-2900 (F): (334) 832-2901
mike.beers@butlersnow.com

Paul S. Murphy (*Pro Hac Vice forthcoming*)
BUTLER SNOW LLP
1300 25th Avenue, Suite 204
Gulfport, MS 39501
(228) 575-3000 (F) (228) 868-1531
paul.murphy@butlersnow.com

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of this document was served on the following pro se plaintiff on January 25, 2019 by certified mail in accordance with the Federal Rules of Civil Procedure:

US Heavy Machinery LLC
19519 Asterglen Ct.
Katy, TX 77449

/ s / Christopher Cowan
Christopher Cowan