United States District Court
Southern District of Texas

**ENTERED**

October 01, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| U.S. HEAVY MACHINERY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-280 |
| | § | |
| ALLSTATE INS. CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Allstate Insurance Company moves for summary judgment against U.S. Heavy Machinery, LLC on its breach of contract claim. (Docket Entry No. 33). The claim arises from an insurance policy that Allstate issued to Heavy Machinery. The uncontroverted record facts show that Heavy Machinery failed to comply with the Policy's proof of loss requirement. Allstate's motion for summary judgment is granted, for the reasons explained in detail below.

**I.      Background**

The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*, established the National Flood Insurance Program. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). Under that Program, FEMA issued regulations promulgating the Standard Flood Insurance Policy and authorizing certain private insurers, operating as "'Write Your Own' ('WYO') companies," to issue that Policy in their own names, as well as to adjust, settle, pay, and defend related claims. *Id.* The Policy terms, rate structures, and costs are set by the FEMA regulations. *Id.* Claims are paid from the U.S. Treasury. *Id.*; *see also Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531–32 (5th Cir. 2015) (discussing the program).

The uncontested evidence submitted by Allstate establishes the following:

- Allstate, as a WYO insurer, sold the Policy to Heavy Machinery.  (Docket Entry No. 33-1 at 2 (Exhibit A), 46–47 (Exhibit D)).

- On August 26, 2017, Hurricane Harvey damaged Heavy Machinery's insured property. (Docket Entry No. 33-1 at 2 (Exhibit A), 47 (Exhibit D)).

- On September 6, 2017, Heavy Machinery submitted a claim under the Policy, with proof of loss.  Allstate sent an adjuster to inspect the damaged property.  After reviewing the adjuster's estimate, Allstate paid Heavy Machinery $133,585.30. (Docket Entry No. 33-1 at 2 (Exhibit A), 47 (Exhibit E), 104–06 (Exhibit F), 109–12 (Exhibit H)).

- In January 2019, Heavy Machinery filed this action in state court, seeking additional payments for the damaged property under the Policy.  Allstate timely removed. (Docket Entry No. 1, 1-3, 33-1 at 2 (Exhibit A)).

- In July 2019, Heavy Machinery submitted a supplemental proof of loss.  This is the only record of a supplemental proof of loss filed by Heavy Machinery.  (Docket Entry No. 33-1 at 116–18 (Exhibit J), 197, 241–42 (Exhibit K)).

In its first amended complaint, Heavy Machinery asserts that, because the insurance adjuster made "numerous errors" in assessing the property damage, Allstate underpaid Heavy Machinery for its losses, breaching the Policy.  Heavy Machinery seeks $147,000 in damages: $90,000 for damages to the interior of its property; $27,000 for HVAC damages; and $30,000 for "damages to Buildings C & D."  (Docket Entry No. 24 at 3–6).

## II.    The Legal Standards

### A.    Summary Judgment

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (internal quotation marks omitted); *accord* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (internal quotation marks omitted). "The moving party . . . bears the initial responsibility of informing the district court of the basis for its motion," *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (internal quotation marks omitted), and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (per curiam) (internal quotation marks omitted). While the party moving for summary judgment must demonstrate the absence of a genuine and material factual dispute, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (per curiam). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) (internal quotation marks omitted).

"'When the moving party has met its . . . burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.'" *Bailey v. E. Baton Rouge Parish Prison*, 663 F. App'x 328, 331 (5th Cir. 2016) (per curiam) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).  "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (internal quotation marks omitted).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018), *cert. denied sub nom. City of Fort Worth, Tex. v. Darden*, 139 S. Ct. 69 (2018).

### B.      The Policy

Disputes over Allstate's claim handling under the Policy are "'governed exclusively'" by FEMA regulations, the National Flood Insurance Act of 1968, as amended, and federal common law.  *Gallup*, 434 F.3d at 343 (quoting 44 C.F.R. pt. 61, App. A(1), Art. IX (2001)); *accord Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754–55 & n.17 (5th Cir. 2009); (Docket Entry No. 33-1 at 41 (Exhibit C)).  Because payouts under the Policy come from the U.S. Treasury, the Policy's provisions "must be strictly construed and enforced."  *Ferraro*, 796 F.3d at 532 (internal quotation marks omitted).

### III.      Analysis

Allstate asserts that there is no genuine factual dispute that Heavy Machinery failed to comply with the Policy terms.  Section VII(R) states that "[Heavy Machinery] may not sue

[Allstate] to recover money under this policy unless [Heavy Machinery] ha[s] complied with all the requirements of the policy."   (Docket Entry No. 33-1 at 39 (Exhibit C)).   Section VII(J) provides that, in the case of flood loss to Heavy Machinery's insured property, Heavy Machinery "must" submit a "proof of loss" to Allstate within 60 days of the loss.   (Docket Entry No. 33-1 at 36 (Exhibit C)).   FEMA extended that deadline to one year from the date of loss.   (Docket Entry No. 33-1 at 114 (Exhibit I)).

Under Fifth Circuit precedent, "strict compliance with the proof-of-loss requirement" is a condition precedent to suit.   *Ferraro*, 796 F.3d at 532.   "'[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.'"   *Id.* (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)).   Because Heavy Machinery's loss occurred on August 26, 2017, Heavy Machinery had until August 26, 2018, to submit its proof of loss.   Heavy Machinery submitted its supplemental proof of loss in July 2019.   (Docket Entry No. 33-1 at 116–18 (Exhibit J), 196–99 (Exhibit K)).   Heavy Machinery failed to comply with Section VII(J) of the Policy because it filed the supplemental complete proof of loss too late, precluding this action.   *See Ferraro*, 796 F.3d at 532–34 (a second proof of loss that complies with the Policy is required when an insured seeks to recover an additional amount on a preexisting claim).

Heavy Machinery argues that summary judgment is unwarranted because it submitted a supplemental proof of loss.   But the evidence shows that Heavy Machinery's submission was untimely under the Policy.   The Policy terms, with the Fifth Circuit's application of those terms, lead the court to conclude, as a matter of law, that Heavy Machinery's untimely supplemental proof of loss precludes this action.

**IV.    Conclusion**

5

Allstate's motion for summary judgment, (Docket Entry No. 33), is granted.   Final judgment is entered by separate order.

SIGNED on October 1, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge